**\*NOT FOR PUBLICATION\***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WILLIAM G. KING, JR., | : | |
| | : | Civil Action No. 15-5351 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SOMERSET CNTY. DRUG COURT, | : | |
| | : | |
| Defendant. | : | |

**SHERIDAN**, District Judge

Plaintiff William G. King, Jr. ("Plaintiff"), a pre-trial detainee currently confined at the Somerset County Jail in Somerville, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

**I. BACKGROUND**

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

On April 2, 2014, Plaintiff was arrested and charged with a drug court violation.   (Compl. ¶ 6.)   On April 3, 2014, he was detained at the Somerset County Jail on a "no bail hold" by the Somerset County Court.   (*Id.*)   The assigned bail judge, Judge Paul W. Armstrong denied Plaintiff a bail hearing from April 3, 2014 until February 17, 2015 based on Plaintiff's drug court violation.   (*Id.*)   Plaintiff alleges that he wrote a letter to Judge Julie Marino advising her of the violation of his due process rights, and as a result, he was given a bail hearing.   (*Id.*)   On February 17, 2015, Judge Marino lifted Plaintiff's "no bail hold" status and granted "R.O.R." status.   (*Id.*) Plaintiff names Somerset County Drug Court as the only defendant and is seeking monetary damages for the violation of his due process rights.   (*Id.* at ¶¶ 4(b); 7.)

## II.  DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B), 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

2

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient

factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d

203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."   *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3

(3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally

construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## 2.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of
> the United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

secured by the Constitution or laws of the United States and, second, that the alleged deprivation

was committed or caused by a person acting under color of state law.   *See West v. Atkins*, 487

---

[1]      "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule
of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing
*Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232
(3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159,
162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d

Cir. 2011).

## B. Analysis

Plaintiff is alleging a violation of his due process rights against the Somerset County Drug

Court based on his "no bail hold."   However, state courts are not "persons" within the meaning of

a Section 1983 action.   *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989);

*Laskaris v. Thornburgh*, 661 F.2d 23, 25–26 (3d Cir. 1981); *Briggs v. Moore*, 251 F. App'x 77, 79

(3d Cir. 2007) (finding that the New Jersey Superior Court is not a "person" for § 1983 purposes);

*Ostroff v. New Jersey Supreme Court*, 415 F.Supp. 326, 328 n. 2 (D.N.J. 1976) ("The New Jersey

Supreme Court is not a 'person' under 42 U.S.C. § 1983"); *Hernandez v. Switzer*, 2009 WL

4730182, *3 n. 5 (municipal court is not a "person" within the meaning of § 1983).   Therefore,

Plaintiff's claim against the Somerset County Court must be dismissed with prejudice.

Even if the Court were to interpret Plaintiff's Complaint as alleging a claim against Judge

Armstrong for placing him on "no bail hold," the Complaint would still be dismissed because the

doctrine of judicial immunity provides that judges are immune from suit for monetary damages

arising from their judicial acts.   *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir.

2000); *see also Mireles v. Waco*, 502 U.S. 9 (1991).   To determine whether the judicial immunity

doctrine applies, the Court must establish: (a) whether the judge's actions were "judicial" in nature;

and (b) whether the judge acted in the "clear absence of all jurisdiction over the subject matter."

*Gallas*, 211 F.3d at 768–69 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 n. 6 (1978)). Where a

judge "was properly called to preside over [a litigant's court proceeding], there could be no basis

for a presumption that [the judge] acted 'in the clear absence of all jurisdiction.'"   *Peeples v. Citta*,

2012 WL 1344819 (D.N.J. Apr. 16, 2012) (relying on *Gallas*, 211 F.3d at 769). An act is judicial

4

in nature if "it is a function normally performed by a judge" and if the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "'[A litigant's] allegations of bad faith [and] malice' cannot overcome [judicial] immunity." *Abulkhair v. Rosenberg*, 457 F. App'x 89 (3d Cir. 2012) (quoting *Mireles*, 502 U.S. at 11). Simply put, "an act does not become less judicial by virtue of an allegation of malice or corruption of motive," or that such action is "unfair" or "controversial." *Gallas*, 211 F.3d at 769; *accord Stump*, 435 U.S. at 363 ("[d]isagreement with the action taken by the judge ... does not justify depriving the judge of his immunity").

Here, it is clear that Judge Armstrong's actions are protected by judicial immunity. Certainly, Judge Armstrong, as the assigned bail judge, was well within his authority to preside over Plaintiff's case and making a bail determination falls squarely into the category of activities that judicial immunity was designed to protect. *See Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir.1997) ("In any event, [the judge's] arraignment of plaintiff and setting of bail were plainly judicial acts."). Therefore, any intended due process claim against Judge Armstrong is also dismissed with prejudice.

## III.  CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2] An appropriate order follows.

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended

Dated: 7/30/15

Peter M Newman

Peter G. Sheridan, U.S.D.J.

---

[complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

6